EXHIBIT "B-1"

# New Mexico Courts

## Case Lookup

E x i t

Name Search              Case Number Search              DWI Search

Case Detail

## Christina Smith, et. al., v. Home Depot USA Inc.

| CASE DETAIL | | | |
|---|---|---|---|
| **CASE NUMBER** | **CURRENT JUDGE** | **FILING DATE** | **COURT** |
| D-1116-CV-201400406 | Marsh, Daylene | 04/08/2014 | FARMINGTON/AZTEC DISTRICT |

| PARTIES TO THIS CASE | | | |
|---|---|---|---|
| **PARTY TYPE** | **PARTY DESCRIPTION** | **PARTY #** | **PARTY NAME** |
| D | Defendant | 1 | HOME DEPOT USA INC. |
| | | | ATTORNEY: ALLEN MEENA H. |
| P | Plaintiff | 1 | SMITH CHRISTINA |
| | | | ATTORNEY: TITUS VICTOR A. |
| P | Plaintiff | 2 | SMITH LOREN |
| | | | ATTORNEY: TITUS VICTOR A. |

| CIVIL COMPLAINT DETAIL | | | | |
|---|---|---|---|---|
| **COMPLAINT DATE** | **COMPLAINT SEQ #** | **COMPLAINT DESCRIPTION** | **DISPOSITION** | **DISPOSITION DATE** |
| 04/08/2014 | 1 | OPN: COMPLAINT | | |
| **COA SEQUENCE #** | **COA DESCRIPTION** | | | |
| 1 | Tort: Personal Injury Non Auto | | | |
| **PARTY NAME** | **PARTY TYPE** | | **PARTY #** | |

| REGISTER OF ACTIONS ACTIVITY | | | | | |
|---|---|---|---|---|---|
| **EVENT DATE** | **EVENT DESCRIPTION** | **EVENT RESULT** | **PARTY TYPE** | **PARTY #** | **AMOUNT** |
| 09/04/2014 | CERTIFICATE OF SERVICE | | | | |
| | Certificate of Service | | | | |
| 09/03/2014 | CERTIFICATE OF SERVICE | | | | |
| 09/03/2014 | Jury Demand 6 Person/No Fee EF | | | | |

Case 1:14-cv-00853-KK-KBM   Document 1-2   Filed 09/18/14   Page 3 of 22

| 09/03/2014 | ANSWER | | | | |
| | Defendant Home Depot U.S.A., Inc.'s Answer to Plaintiff's Complaint for Personal Injuries | | | | |
| 09/03/2014 | ENTRY OF APPEARANCE | | | | |
| | Entry of Appearance | | | | |
| 05/08/2014 | JURY DEMAND 6 PERSON | | | | |
| | Demand for Jury Trial | | | | |
| 05/07/2014 | | | | | |
| 04/08/2014 | OPN: COMPLAINT | | | | |
| | Complaint | | | | |

| JUDGE ASSIGNMENT HISTORY | | | |
| --- | --- | --- | --- |
| ASSIGNMENT DATE | JUDGE NAME | SEQUENCE # | ASSIGNMENT EVENT DESCRIPTION |
| 04/08/2014 | Marsh, Daylene | 1 | INITIAL ASSIGNMENT |

[ Return ]    [ Print ]

©2007 New Mexico Courts

EXHIBIT "B-2"

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/8/2014 11:40:18 AM
WELDON J. NEFF

ael

COUNTY OF SAN JUAN
STATE OF NEW MEXICO
ELEVENTH JUDICIAL DISTRICT COURT

CHRISTINA SMITH and LOREN SMITH, Husband and Wife

     Plaintiff,

v.                            No. D-1116-CV-2014-00406

HOME DEPOT USA, INC.
     Defendant .

## COMPLAINT FOR PERSONAL INJURIES

     COMES NOW Plaintiff , Christina Smith, by and through counsel, Victor A. Titus, Attorney at Law and for their cause of action against Defendants Home Depot U.S.A., Inc., and Sedgwick, respectfully state and allege as follows:

1.     The Plaintiff is a resident of San Juan County, New Mexico.

2.     Defendant Home Depot, Inc., upon information and belief is and was a corporation authorized to conduct business in the State of New Mexico was so doing at all times relevant hereto.

3.     All events material hereto took place in San Juan County, New Mexico.

### COUNT I v. HOME DEPOT USA, INC.

4.     Plaintiff re-allege the allegations contained in paragraphs 1 through 3 above as if fully set out herein.

5.     On or about June 10, 2011, Plaintiff was shopping with her husband and son at the Home Depot Garden Center in Farmington, New Mexico. Plaintiff and her family were walking towards the back of the Garden Center to the landscape bricks area. In a walkway in Plaintiff's path were several wood pallets in a row blocking the aisle. Plaintiff's son walked across the pallets and Plaintiff attempted to follow him

1

across the pallets.  Upon taking one step on the pallets Plaintiff felt herself falling.
Upon hitting the ground Plaintiff felt extreme pain, and realized her foot was stuck
in the pallet. Plaintiff's husband and son had to extricate her foot from the broken
pallet.  During this time two Home Depot employees walked past and offered no
assistance.

6.    The acts of negligence of the Defendant, Home Depot USA, Inc., include but are
not limited to:

    a.    Setting pallets in the walkway

    b.    Failure to warn or guard against the walkway hazard of placing pallets.

    C.    Creating a hazard in the walkway Defendant  knew or should have known
       their business invitees would walk on them.

7.    In the fall, Plaintiff injured her left foot.

8.    Plaintiffs' injuries have caused her damages, including, but not limited to:

    a.    Medical expenses in the past and medical expenses to be incurred in the
       future;

    b.    Loss of earnings in the past and loss of earning capacity in the future;

    c.    Non-medical expenses;

    d.    Nature, extent and duration of injuries including loss of enjoyment of life,
       hobbies activities and recreation.

    e.    Pain and suffering experienced in the past and to continue into the future,
       including both physical pain and mental suffering or emotional distress;

    f.    Loss of spousal and/or family consortium including care, comfort,
       companionship, and sexual relations; and

    g.    Loss of household services to the family

2

WHEREFORE, Plaintiffs respectfully request the Court for judgment against Defendant Home Depot USA, Inc. for compensatory damages in an amount to be determined by the trier of fact, pre-judgment interest, costs and such other relief as the Court deems just and proper.

### COUNT II Loss of Consortium of Loren Smith

9        Plaintiffs re-alleges the allegations contained in paragraphs 1 through 8 above as if fully set out herein.

10.      As a result of Defendant Home Depot's negligence as set out above, Plaintiff Loren Smith sustained injuries that have caused him damages, including, but not limited to:

    a.      Pain and suffering including mental suffering or emotional distress;

    b.      Loss of spousal and/or family consortium including care, comfort, companionship and sexual relations; and

    c.      Loss of household services to the family.

WHEREFORE, Plaintiff Loren Smith (husband) respectfully request the Court for judgment against Defendant Home Depot USA, Inc. for compensatory damages in an amount to be determined by the trier of fact, pre-judgment interest, post-judgment interest, costs and such other relief as the Court deems just and proper.

### TRIAL BY JURY IS DEMANDED

TITUS & MURPHY LAW FIRM

VICTOR A. TITUS
Attorney for Plaintiffs
2021 E. 20th Street
Farmington, NM 87401
(505) 326-6503

3

EXHIBIT "B-3"

| SUMMONS | |
|---|---|
| Eleventh Judicial District Court<br>San Juan County, New Mexico<br>Court Address:  Farmington District Court<br>    851 Andrea Drive<br>    Farmington, NM 87401<br><br>Court Telephone No:  505-326-2256 | Case No.:  D-1116-CV-2014-406-6<br><br>Judge:  Daylene Marsh |
| CHRISTINA SMITH and LOREN SMITH<br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.<br>Defendant | Defendant<br>Name:    Home Depot USA, Inc.<br>Address: c/o Corporation Service Company<br>    ~~125 Lincoln Avenue~~  123 E Marcy #101<br>    Santa Fe, NM 87501 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1.    A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.    You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004- NMRA) The Court=s address is listed above.

3.    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Farmington, New Mexico, this 7th day of Farmington 2014.

WELDON J NEFF
CLERK OF COURT

By: *Lisa M. Pitchford*
Deputy Court Clerk Leadworker

    /s/ Victor A. Titus
Signature of Attorney for Plaintiff
VICTOR A. TITUS
2021 E. 20th Street
Farmington, NM 87401
Telephone No.:  (505) 326-6503
Fax No.: (505) 326-2672

EXHIBIT "B-4"

COUNTY OF SAN JUAN
STATE OF NEW MEXICO
ELEVENTH JUDICIAL DISTRICT COURT

CHRISTINA SMITH and LOREN SMITH, Husband and Wife

      Plaintiff,

v.                              No.    D-1116-CV-2014-00406

HOME DEPOT USA, INC.
      Defendant .

## DEMAND FOR JURY TRIAL

    COMES NOW Plaintiff, by and through counsel, Victor A. Titus, and hereby demand

trial of the above matter by a jury of six persons and hereby deposits the sum of $150.00

for the jury fee.

TITUS & MURPHY LAW FIRM

VICTOR A. TITUS
2021 E. 20th St.
Farmington, NM 87401
(505) 326-6503

EXHIBIT "B-5"

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/3/2014 2:14:06 PM
WELDON J. NEFF
Nancy Martinez

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

CHRISTINA SMITH and LOREN SMITH,

     Plaintiffs,

v.                                       Case No. D-1116-CV-2014-00406

HOME DEPOT U.S.A., INC.,

     Defendant.

## ENTRY OF APPEARANCE

     Simone Roberts & Weiss, P.A. hereby enters its appearance on behalf of the Defendant,

Home Depot USA, Inc., in the above-entitled cause of action.

                              SIMONE, ROBERTS & WEISS, P.A.

                              "Electronically Filed"

                              */s/ Meena H. Allen*
                              Meena H. Allen
                              *Attorney for Defendant*
                              11200 Lomas Blvd., N.E., Ste. 210
                              Albuquerque, NM 87112
                              (505) 298-9400
                              (505) 298-7070 Facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that on this 3rd day of September, 2014, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Victor A. Titus
2021 E. 20th Street
Farmington, NM 87401


*/s/ Meena H. Allen*
Meena H. Allen

EXHIBIT "B-6"

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/3/2014 2:14:06 PM
WELDON J. NEFF
Nancy Martinez

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

CHRISTINA SMITH and LOREN SMITH,

     Plaintiffs,

v.                               Case No. D-1116-CV-2014-00406

HOME DEPOT U.S.A., INC.,

     Defendant.

### DEFENDANT HOME DEPOT U.S.A., INC.'S  ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW Defendant Home Depot U.S.A., Inc. (hereinafter referred to as "Home Depot"), and for its Answer to Plaintiffs' Complaint (the "Complaint"), would respectfully show the Court as follows:

#### FIRST DEFENSE

1.     Home Depot is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 1 of the Complaint.

2.     Home Depot admits the material allegations in paragraph 2 of the Complaint.

3.     Home Depot is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 3 of the Complaint.

### COUNT I
### V. HOME DEPOT

4.     For answer to paragraph 4 of the Complaint, Home Depot would incorporate by reference its responses to paragraphs 1 through 3 of Plaintiffs' Complaint as if those responses were set forth in full herein.

5.      Home Depot is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 5 of the Complaint, and demands strict proof thereof.

6.      Home Depot denies the material allegations in paragraph 6 of the Complaint, including all subparagraphs thereof.

7.      Home Depot is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 7 of the Complaint.

8.      Home Depot is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 8 of the Complaint, including all subparagraphs, and demands strict proof thereof.

## COUNT II
## LOSS OF CONSORTIUM OF LOREN SMITH

9.      For answer to paragraph 9 of the Complaint, Home Depot would incorporate by reference its responses to paragraphs 1 through 8 of Plaintiffs' Complaint as if those responses were set forth in full herein.

10.      Home Depot denies the allegations of material fact contained in paragraph 10 of the Complaint, including all subparagraphs, and demands strict proof thereof.

11.      To the extent not expressly admitted herein, Home Depot denies each and every one of the allegations contained in the Complaint and demands strict proof thereof.

12.      Home Depot denies that Plaintiffs are entitled to any of the relief for which they pray.

<u>**AFFIRMATIVE DEFENSES**</u>

13.     As a separate and alternative affirmative defense, Home Depot asserts that the Plaintiff Christina Smith's own negligence was the sole cause, or, alternatively, a proximate cause, of the accident in question and Plaintiff's injuries and damages, if any.

14.     As a separate and alternative affirmative defense, to the extent Plaintiff Christina Smith has sustained any injuries and/or damages, which Home Depot either denies or is without sufficient information, those injuries and/or damages were the direct and proximate cause and result of the Plaintiff's own failure to mitigate those damages.

15.     As a separate and alternative affirmative defense, Defendant would show that Plaintiff Christina Smith's injuries, if any, were due to pre-existing conditions for which Defendant bears no responsibility.

16.     As a separate and alternative affirmative defense, Home Depot affirmatively asserts that Plaintiffs fail to state a claim against Home Depot upon which relief can be granted.

17.     Defendant Home Depot gives notice that it intends to rely upon and invoke any other defense or cross-claim that may become available or appear during the proceeding in this case and reserves its rights to amend this Answer and to assert a cross-claim, if appropriate, to include such additional defenses and affirmative actions.

WHEREFORE, Defendant Home Depot U.S.A., Inc., having fully answered Plaintiffs' Complaint for Personal Injury, prays that the Court dismiss this case with prejudice, award costs incurred in defending this action, and such other relief as the Court deems just and proper.

SIMONE, ROBERTS & WEISS, P.A.

"Electronically Filed"

*/s/ Meena H. Allen*
Meena H. Allen
*Attorney for Defendant*
11200 Lomas Blvd., N.E., Ste. 210
Albuquerque, NM 87112
(505) 298-9400
(505) 298-7070 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2014, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Victor A. Titus
2021 E. 20th Street
Farmington, NM 87401


*/s/ Meena H. Allen*
Meena H. Allen

4

EXHIBIT "B-7"

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/3/2014 2:14:06 PM
WELDON J. NEFF
Nancy Martinez

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

CHRISTINA SMITH and LOREN SMITH,

     Plaintiffs,

v.                                Case No. D-1116-CV-2014-00406

HOME DEPOT U.S.A., INC.,

     Defendant.

### JURY DEMAND

     Defendant, Home Depot U.S.A., Inc., hereby demands a trial by jury of six (6) jurors in the above entitled and numbered cause and states that the sum of $150.00 was tendered on May 8, 2014, by Plaintiff.

                         SIMONE, ROBERTS & WEISS, P.A.

                         "Electronically Filed"

                         */s/ Meena H. Allen*
                         Meena H. Allen
                         *Attorney for Defendant*
                         11200 Lomas Blvd., N.E., Ste. 210
                         Albuquerque, NM 87112
                         (505) 298-9400
                         (505) 298-7070 Facsimile

### CERTIFICATE OF SERVICE

     I hereby certify that on this 3rd day of September, 2014, I filed the foregoing electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Victor A. Titus
2021 E. 20th Street
Farmington, NM 87401

*/s/ Meena H. Allen*
Meena H. Allen

EXHIBIT "B-8"

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/3/2014 2:14:06 PM
WELDON J. NEFF
Nancy Martinez

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

CHRISTINA SMITH and LOREN SMITH,

     Plaintiffs,

v.                                    Case No. D-1116-CV-2014-00406

HOME DEPOT U.S.A., INC.,

     Defendant.

## CERTIFICATE OF SERVICE

     I HEREBY certify that Defendant, Home Depot USA's, First Set of Interrogatories to Plaintiff, First Requests for Production to Plaintiff, and a copy of this Certificate of Service were mailed this 3rd day of September, 2014, to: Victor A. Titus, 2021 E. 20th Street, Farmington, New Mexico 87401.

                             SIMONE, ROBERTS & WEISS, P.A.

                             "Electronically Filed"

                             */s/ Meena H. Allen*
                             Meena H. Allen
                             11200 Lomas Blvd., N.E., Ste. 210
                             Albuquerque, NM 87112
                             (505) 298-9400
                             (505) 298-7070 Facsimile